# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMES PATRICK YANCE,

                Plaintiff,

v.

SGT. C.O. KELLEN, RICHARD CRAIG, JOSH SMITH, SGT. C.O. HAMLIN, C.O. PHILLIPS, STEVE SAXS, EDWARD SAWYERS, and JOHN DELANEY,

                Defendants.

Case No. 22-CV-1213-JPS

**ORDER**

    Plaintiff James Patrick Yance, an inmate confined at Walworth County Jail, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. ECF No. 1. This Order resolves Plaintiff's motions for leave to proceed without prepaying the filing fee, screens his complaint, and addresses his motion for miscellaneous relief.

**1.    MOTIONS FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

    The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On November 17, 2022, the Court ordered Plaintiff to pay an initial partial filing fee of $53.64. ECF No. 6. Plaintiff paid that fee on November 17, 2022. The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 2. The Court will accordingly deny Plaintiff's second motion to proceed without prepaying the filing fee, ECF No. 11, as moot. Plaintiff must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

2.   SCREENING THE COMPLAINT

   2.1   Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2    Plaintiff's Allegations

Plaintiff alleges that on September 22, 2022, Defendant C.O. Phillips ("Phillips") knowingly entered Plaintiff's cell while he was using the bathroom. ECF No. 1 at 2. Plaintiff entered a "PREA Complaint" and told Phillips that he wanted to speak to a sergeant about the issue privately. *Id.* Phillips denied his request and instead told him to "[P]ut it in a tablet." *Id.* Plaintiff told Phillips that he had already and then Phillips called Defendant Sgt. C.O. Kellen. *Id.* Phillips told Kellen that Plaintiff was refusing to lockdown, which resulted in a minor infraction. *Id.* at 2–3.

On September 23, 2022, Plaintiff received a major infraction from Defendant Joshua Smith ("Smith") "after an internal PREA investigation was conducted by [Defendant] Sgt. Richard Craig." *Id.* at 3. Following a hearing, Defendant C.O. Sgt. Hamlin ("Hamlin") found Plaintiff guilty of "lying about staff" in a false PREA. *Id.* On September 28, 2022, Plaintiff submitted an appeal that was later denied. *Id.* The denial stated: "You

Page 3 of 9
Case 2:22-cv-01213-JPS    Filed 04/11/23    Page 3 of 9    Document 12

should have received discipline time for this, and didn't, next time you will." *Id.*

### 2.3 Analysis

It is unclear to the Court what type of claim Plaintiff seeks to bring in his complaint. As such, the Court will dismiss Plaintiff's complaint with leave to amend. The Court provides the following information to aid Plaintiff in amending his complaint. Plaintiff may be attempting to bring a First Amendment retaliation claim against Defendants. To prevail on this claim, Plaintiff must ultimately show that: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014).

Here, it is not clear if Plaintiff is alleging retaliation. His complaint alleges that negative things happened to him after he entered a PREA complaint against Phillips. It is well established that a prisoner's ability to file complaints is protected by the First Amendment. *See Hughes v. Scott*, 816 F.3d 955, 956 (7th Cir. 2016). As for the second element, Plaintiff alleges suffering deprivations—filing a false disciplinary report against him and receiving a major infraction—that, we can infer, would likely dissuade a person of ordinary firmness from exercising further First Amendment activity. *See Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (prison transfer likely to deter First Amendment activity). Plaintiff does not, however, appear to allege that these actions were done in retaliation for his First Amendment activity of filing a grievance. As such, the Court finds that Plaintiff's allegations fail to state a claim for retaliation. The Court will grant

Page 4 of 9
Case 2:22-cv-01213-JPS    Filed 04/11/23    Page 4 of 9    Document 12

Plaintiff leave to amend his complaint to rectify the deficiencies identified here, if applicable.

When writing his amended complaint, Plaintiff should provide the Court with enough facts to answers to the following questions: (1) Who violated his/her constitutional rights?; (2) What did each person do to violate his/her rights?; (3) Where did each person violate his/her rights?; and (4) When did each person violate his/her rights? Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate his/her rights.

The Court is enclosing a copy of its amended complaint form. Plaintiff must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper. The amended complaint takes the place of the prior complaint and must be complete, without reference to his prior complaint.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended

Page 5 of 9
Case 2:22-cv-01213-JPS   Filed 04/11/23   Page 5 of 9   Document 12

complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

**3.     PRELIMINARY INJUNCTION**

Plaintiff filed a motion for miscellaneous relief where he asks the Court for a preliminary injunction to prevent Defendants from double charging his prisoner trust fund account. ECF No. 7. A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain preliminary injunctive relief, whether through a TRO or preliminary injunction, the plaintiff must show that (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). A preliminary injunction is not appropriate to guard against the "mere possibility of irreparable injury." *Orr v. Shicker*, 953 F.3d 490, 501 (7th Cir. 2020) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). If the plaintiff can establish those three factors, the court must balance the harm to each party and to the public interest from granting or denying the injunction. *See Wood*, 496 F.3d at 622; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

In the context of prisoner litigation, the scope of the court's authority to issue an injunction (including a TRO) is circumscribed by the Prison Litigation Reform Act (PLRA). *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means

necessary to correct that harm." 18 U.S.C. §3626(a)(2); *see also Westefer*, 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prisons officials have broad administrative and discretionary authority over the institutions they manage" (internal quotation marks and citation omitted)).

The Court will deny Plaintiff's motion as premature. As outlined below, the Court in this Order instructs the agency having custody of Plaintiff to collect the balance of the filing fee from his institution trust account. Plaintiff provides no basis as to why he believes the agency will disregard the Court's order. If, however, in the future, Plaintiff believes the agency is not abiding by the Court's order as it relates to collection of the filing fee, he may raise the issue with the Court at that time.

4. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS ORDERED** that Plaintiff's second motion for leave to proceed without prepaying the filing fee, ECF No. 11, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for miscellaneous relief, ECF No. 7, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the complaint fails to state a claim;

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies with the instructions in this Order on or before **May 11, 2023**. If Plaintiff files an amended complaint by the deadline, the Court will screen the amended complaint under 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will

dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $296.36 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 11th day of April, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.